

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00004-CV

IN THE INTEREST OF B.S. AND
B.S., CHILDREN

----------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 231-533770-13

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a private termination of parental rights proceeding filed by the children's maternal grandmother and her husband. Appellant, the children's father, is presumed indigent; he was represented by appointed counsel at trial, but is pro se on appeal. *See* Tex. Fam. Code Ann. § 107.021(a) (West 2014); Tex. R. App. P. 20.1(a)(3); *In re D.L.S.*, No. 02-10-00366-CV, 2011 WL 2989830, at *2 (Tex. App.—Fort Worth July 21, 2011, no pet.) (mem. op.). In three issues, he challenges (1) the sufficiency of the evidence to support the trial

---

[1]*See* Tex. R. App. P. 47.4.

court's best interest finding, (2) the trial court's refusal to reschedule the trial or make alternate arrangements so that appellant could better hear the proceedings, which he attended via telephone, and (3) the effectiveness of his appointed trial counsel. We affirm.

## Background

Appellant's youngest child, now five, has lived with appellees since December 2010 when she was thirteen months old; his oldest child, now six, has lived with them since April 2011 when he was two years old. Appellant lived at appellees' house with the children and their mother for about a month in 2011, after moving to Texas from Wisconsin with the couple's older child. The children's mother passed away in 2012. Appellant has been incarcerated since July 2011 for the offense of indecency with an unrelated child and was still incarcerated at the time of trial. His projected release date is in May 2018. The trial court appointed counsel for appellant at trial and allowed him to appear by telephone.

## Sufficiency

In his first issue, appellant contends that the trial court's best-interest decision was based upon false evidence given by appellees. He points to his own testimony contradicting appellees' assertions that neither he nor his family had provided financial support for the children during his incarceration and that he had engaged in family violence against the children's mother. However, the factfinder—here, the trial judge—is the sole judge of the credibility of witnesses

2

and may choose to believe one witness over another.  *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009).  There is credible evidence that appellant kicked mother out of their home in Wisconsin, with their youngest child, while she was pregnant so that she was forced to return to Texas to live with her parents; that he hit the children's mother during an argument while she was undergoing cancer treatments; that he is a convicted child sex offender; that the children do not have a relationship with him or his family; that the children have been in appellees' sole care for over two years and have lived with them for the majority of their lives; and that the children have a good relationship with appellees and are doing well in their care.  *See, e.g.*, *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).  Because the evidence the factfinder could have chosen to believe is sufficient under the appropriate standard of review to support a best interest finding, we overrule this issue.  *See* Tex. Fam. Code Ann. § 101.007 (West 2014); *State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010).

## Fairness of Proceeding

In his second issue, appellant contends that he did not receive a fair trial because he could not hear or understand the proceedings as a result of participating by telephone.

Appellant did indicate an inability to hear the proceedings at several times during the trial, as set forth below:

THE COURT:  [Appellant], were you able to hear the attorneys?

[Appellant]:  I -- barely, but I can make -- make of it.

3

THE COURT: All right. Let me ask the attorneys to pull the microphones right up to you and speak right into the microphones.

The trial court then asked appellant to state his name; he did so and then responded to several questions without the need for them to be repeated. The court had to remind a witness and lawyer to speak up:

THE COURT [to the witness]: Please speak up . . . .

THE WITNESS: Oh! I'm sorry.

. . . .

THE COURT: Speak up, please.

. . . .

THE COURT: All right.

[Appellant], can you hear [your counsel] alright?

[Appellant]: She needs to speak up just a little bit louder that's all.

THE COURT: If you'll both -- both [attorneys], if you will pull the microphone where you are speaking right into the microphone, please.

[Appellant's counsel]: Yes, sir.

After this exchange, appellant testified on direct for at least twenty-five pages with no apparent problems, other than asking to repeat one question. Appellant asked appellees' counsel to repeat a question four times during his cross-examination that lasted for eighteen pages. But each time, he was able to answer when the question was repeated.

4

Appellant never objected to the lack of a bench warrant for his personal appearance at the hearing, nor did he inform the trial court that he was unable to adequately follow the proceedings. The record shows that appellant occasionally had trouble hearing the proceedings. But it also shows that when appellant asked for a question to be repeated, he was able to answer it the second time. Additionally, there are long periods of time in his own testimony that he was able to respond to a series of questions without asking for them to be repeated, and his answers are responsive to the questions asked. The trial court was diligent in reminding the attorneys to speak into the microphone so that appellant could hear, and appellant was able to engage in colloquy with the court as well. Accordingly, we conclude and hold that to the extent this issue was preserved or did not need to be preserved, the record does not show such an unfairness in the proceedings as to undermine appellant's right to due process. *See* Tex. R. App. P. 33.1, 44.1(a); *In re G.C.*, 66 S.W.3d 517, 525 (Tex. App.—Fort Worth 2002, no pet.). We overrule appellant's second issue.

## Effectiveness of Counsel

Appellant's third issue relates to his appointed counsel. He contends that she was unable to effectively prepare for trial because they could only communicate via mail because of his incarceration, that she did not have enough time to prepare, and that she was ineffective due to the small amount of time she had to prepare appellant's case for trial.

5

Appellant filed an answer to appellees' suit—in which he requested appointment of counsel—in April 2013. The trial court held a hearing regarding the appointment of counsel in July 2013 but did not appoint counsel for appellant until August 30, 2013. The trial court notified TDCJ by letter dated September 4, 2013 to make appellant available for the trial by phone. Although the trial was originally scheduled for October 2, 2013, it was rescheduled to December 4, 2013.

Thus, the record shows that appellant's appointed counsel had at least three months to prepare for trial. Nothing in the trial record shows that counsel objected to the lack of preparation time, nor does the record show that counsel or appellant made the court aware of any difficulties in communication about the case. Appellant's counsel attempted to introduce into evidence letters appellant said he wrote to the children and sent to his sister for delivery. Counsel had some difficulty authenticating the handwritten letters in appellant's absence, but the trial court ultimately admitted them for purposes of showing that appellant had attempted to communicate with the children through his sister, whether or not the letters were ultimately delivered to the children by appellees.

Because of the absence of any evidence in the record showing that appellant's trial counsel was inadequately prepared or had trouble communicating with appellant for the purpose of adequately presenting his case to the trial court, we conclude and hold that appellant has not shown that his trial counsel was inadequate under the appropriate standard of review. *See In re*

*C.S.*, No. 13-13-00095-CV, 2013 WL 3895818, at *8 (Tex. App.—Corpus Christi July 25, 2013, no pet.) (mem. op.); *In re J.W.*, 113 S.W.3d 605, 616 (Tex. App.—Dallas 2003, pet. denied), *cert. denied*, 543 U.S. 965 (2004); *see also Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064 (1984); *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006).  We overrule his third issue.

## Conclusion

Having overruled all three of appellant's issues, we affirm the trial court's order terminating appellant's parental rights to his two children.


PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  December 18, 2014